IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ROBERT LANCE WALKER**                                                                                   **PLAINTIFF**
**#0034684**

V.                                       CASE NO. 3:21-cv-00122 JM

**STATE OF ARKANSAS,** *et al.*                                                             **DEFENDANTS**

## ORDER

Plaintiff Robert Lance Walker, incarcerated at the Greene County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1). He sued the State of Arkansas, the Poinsett County Sheriff's Office, Officer Ron Hitts, Prosecuting Attorneys Scott Ellington and Jimmy Gallaway, Public Defenders Brian Miles and Joseph Hughes, Attorney Jerry Robertson, and Liz Wagner. (*Id*. at 3). Plaintiff's incarceration at the Greene County Detention Center triggers automatic screening of his complaint. *See* 28 U.S.C. § 1915A; *Lewis v. Estes*, 242 F.3d 375 (8th Cir. 2000) (per curiam) (§ 1915A's screening requirement applies regardless of fee status).[1]

**I.     Screening**

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

---

[1] Plaintiff paid the full $402 filing and administrative fee rather than seeking in forma pauperis status. (Doc. No. 6.)

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The *in forma pauperis* statute also imposes these standards for dismissal. 28 U.S.C. § 1915(e)(2)(B).

## II.    Mr. Walker's Claims

On or around July 19, 2016, Walker was arrested, detained, and ultimately charged with multiple crimes in Poinsett County Circuit Court. *State v. Walker*, 56CR-16-424. (Doc. No. 1). Walker says after spending 16-and-a-half months in jail, the charges against him were dismissed. (*Id*. at 4). The public record confirms as much. Walker now challenges his arrest and detention, among other claims. (*Id*. at 3).

As currently pled, Walker's Complaint fails to state a claim on which relief may be granted. Walker did not identify the capacity in which he sued Defendants. The Court of Appeals for the Eighth Circuit has explained that "[i]f a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir.1995); *Nix. v. Norman,* 879 F.2d 429, 431 (8th Cir.1989).

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury. *Id*. Walker

did not allege that any policy, practice, or custom was the moving force behind the alleged violations of his rights. As such, Walker failed to state an official-capacity claim.

Further, Walker seeks damages only. (Doc. No. 1 at 4). The Eleventh Amendment bars suits brought against a state, state agency, or state officials acting in their official capacities in federal courts by her own citizens, as well as those of another State. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (stating that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" when the suit is for damages). Accordingly, any claim Walker makes against an official of the State of Arkansas is barred.

And even if Walker had made personal capacity claims in this case, those claims would also fail. To state a claim for relief under section 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Walker made general allegations that he was wrongfully arrested and detained, among other assertions. But Walker made no specific allegations against any Defendant. As explained above, liability in this § 1983 case is based on an individual's actions. Because Walker did not explain any individual action, there is no basis on which to hold any Defendant liable.

Walker will be given the chance to amend his complaint. Walker's amended complaint, if he chooses to file one, should: 1) name as a defendant each person he believes deprived him of his constitutional rights; 2) provide specific facts against each named defendant in a simple, concise, and direct manner, and indicate dates, times, and places, if applicable; 3) indicate whether he is suing each defendant is his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions allegedly harmed him personally; 6) explain the relief he seeks; and 7) otherwise set out viable claims.

Walker must file his amended complaint within thirty days of the date of this Order. If he does not do so, his case will be dismissed without prejudice. LOCAL RULE 5.5(c)(2). The Clerk of the Court is directed to send Walker a blank § 1983 complaint form along with a copy of this Order.

IT IS SO ORDERED this 15thday of September, 2021.

_____
UNITED STATES DISTRICT JUDGE