## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHER DIVISION

**ROBERT LANCE WALKER**                                                    **PLAINTIFF**

V.                    **CASE NO. 3:21-cv-00122 JM**

**STATE OF ARKANSAS,** *et al*.                                    **DEFENDANTS**

## ORDER

Plaintiff Robert Lance Walker filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1). He sued the State of Arkansas, the Poinsett County Sheriff's Office, Officer Ron Hitts, Prosecuting Attorneys Scott Ellington and Jimmy Gallaway, Public Defenders Brian Miles and Joseph Hughes, Attorney Jerry Robertson, and Liz Wagner. (*Id*. at 3). The Court identified pleading deficiencies and provided Walker with the opportunity to amend his Complaint. (Doc. 8). Walker has now filed his Amended Complaint (Doc. 9), and the law requires that I screen it. 28 U.S.C. § 1915A.

In July 2016, Walker was arrested, detained, and charged with multiple crimes in Poinsette County Circuit Court. *State v. Walker*, 56CR-16-424 (Information). Those charges were dismissed on January 21, 2020. *Id*. (Sentencing Order). Walker challenges his arrest and 16-month detention. He sues defendants in their official and individual capacities and seeks money damages. (Doc. 9).

**I.**    **Screening**

    **A.**    **Defendants Not Subject to Suit Under 42 U.S.C. § 1983**

The Poinsett County Sherriff's Office is not an entity that can be sued under § 1983. *Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992). Claims

against the State of Arkansas are barred by the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, a claim under § 1983 requires a government actor, which private attorney Jerry Robertson is not. Ellington and Gallaway are entitled to absolute immunity for work as prosecutors. *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). And, no constitutional claims exist against Miles or Hughes because public defenders do not act "under color of state law within the meaning of § 1983." *Polk County v. Dodson*, 545 U.S. 312, 321 (1981). Accordingly, Walker's claims against these Defendants cannot proceed.

### B.      Official Capacity Claims

Walker sues Officer Ron Hitts and Liz Wagner in their personal and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Walker's official capacity claims against these defendants are really claims against their employers. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). And, as noted above, their employer, Poinsett County, is not subject to suit under the Eleventh Amendment. As such, Walker failed to state official-capacity claims against these defendants.

### C.      Individual Capacity Claims

In order to demonstrate individual liability, Walker "must prove: (1) the official's conduct deprived him of constitutional rights, and (2) the official's actions were taken under color of law." *Hayes v. Faulkner County*, Ark. 388 F.3d 669, 675 (8th Cir. 2004). Walker has not met this burden as regards Wagner. Walker alleges that Wagner, a Poinsett

County Courthouse Case Filer, knowingly falsified documents. (Doc. 9 at 5). This assertion is conclusory and unsupported. As a result, Walker's individual claims against Wagner are dismissed. That leaves Officer Hitts. Walker alleges that, despite receiving information from the crime victims that Walker was not involved, Officer Hitts nevertheless falsified evidence to support his arrest. Accordingly, Walker has made a sufficient claim against Officer Hitts in his individual capacity.

## II.     Conclusion

IT IS THEREFORE ORDERED THAT:

1. Walker's individual capacity claim against Officer Hitts will be allowed to proceed. All other claims against defendants are dismissed without prejudice.

2. The Court directs the Clerk to prepare a summons for Officer Hitts and deliver it along with a copy of the Complaint, Amended Complaint, and this Order to the U.S. Marshal for service, without requiring prepayment of fees and costs or security. Officer Hitts may be served through his employer, the Poinsett County Sherriff's Department, 1500 Justice Ln, Harrisburg, AR 72432.

3. Walker's status motion (Doc. 11) is granted. The Clerk is directed to send him a copy of the docket sheet along with this Order.

IT IS SO ORDERED this 7th day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE