UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ROBERT LANCE WALKER                                                         PLAINTIFF
#0034684

V.                              No. 3:21-CV-122-JM-JTR

RON HITTS, Arresting
Officer and Investigator                                                    DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On July 1, 2021, Plaintiff Robert Lance Walker ("Walker") filed a *pro se* § 1983 Complaint alleging Defendants violated his constitutional rights when he was arrested based on "false information and lies." *Doc. 1*. After screening Walker's Complaint and Amended Complaint, the presiding judge in this matter, Judge

Moody, allowed Walker to proceed with his claim that Officer Ron Hitts ("Hitts") "knowingly falsified information" that led to his July 19, 2016 arrest. *Doc. 1 at 3; Doc. 9 at 5; Doc. 12 at 3*. All other defendants and claims were dismissed without prejudice. *Doc. 12 at 3*.

On March 28, 2022, Hitts, proceeding *pro se*, filed an Answer to the Complaint. *Doc.* 18. In his Answer, Hitts "plead[ed] all defenses, affirmative or otherwise, allowed by the rules of civil procedure." *Doc. 18, ¶ 2*. Hitts listed several affirmative defenses, including lack of jurisdiction, insufficiency of service, and "failure to state facts upon which relief can be granted." *Id.* He did not, however, specifically plead the affirmative defense of statute of limitations.

On June 10, 2022, Hitts filed a "Motion to Dismiss" arguing that Walker failed to comply with the statute of limitations. *Doc. 21*. Walker has filed a Response. *Doc. 22*. Thus, the issues are joined and ready for disposition.[1]

## II. Discussion

### A. Hitts Did Not Waive The Statute Of Limitations Defense

As a threshold matter, the Court finds that, despite Hitts' failure to specifically plead the affirmative statute of limitations defense in his *pro se* Answer, the issue is properly before the Court. *See Sanders v. Dep't of Army*, 981 F.2d 990, 991 (8th Cir.

---

[1] The case has been referred to the undersigned United States Magistrate Judge for consideration and determination of all pretrial matters and for recommended disposition of any dispositive matters. *Doc. 24; Doc. 26*.

1992) (allowing defendant to raise statute of limitations defense for the first time in a motion to dismiss where it raised "failure to state a claim" defense in its answer and "the affirmative limitations defense clearly appear[ed] on the face of the complaint.").

### B. Hitts's Motion to Dismiss

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume the truth of the factual assertions made in the plaintiff's pleadings. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that his plausible on its face." *Id.*, at 570.

Walker has alleged the following facts in support of his false-arrest claim against Hitts:

1. On July 19, 2016, Hitts arrested Walker pursuant to an arrest warrant. *Doc. 1 at 3*. Hitts threaten Walker at gun point and told him he was "going down for a long time." *Doc. 1 at 4*.

2. Hitts "used false information and lies to obtain [the] arrest warrant." *Doc. 1 at 3*. More specifically, Hitts "falsified information" in the arrest warrant after the alleged victims told him that Walker was *not* involved in the incident and that they did not even know Walker. *Doc. 9 at 5*.

3

In his Motion to Dismiss, Hitts argues that this action must be dismissed because: (1) "The applicable statute of limitations for § 1983 actions in Arkansas is three years; and (2) "[Walker] brought his action…on or about September 23, 2021, more than three years after the alleged conduct." *Doc. 21 at 1*.

In his Response, Walker does not dispute that that the statute of limitations for this matter is three years or that his July 1, 2021 Complaint was filed more than three years after his July 19, 2016 arrest. *Doc. 22*. However, he argues that he "originally filed his complaint against Defendant about this incident in 2017, well within the 3 year limit." *Id. at 2*. Walker further explains that he "was told by the courts that he couldn't filed his complaint until after the final disposition" of his state criminal case. *Id.*[2] He asks that the Court, therefore, begin calculating the three-year statute of limitations from the date his state criminal case was *nolle prossed* in January of 2020. *Id.*

---

[2] Walker does not provide a case name or number for his "originally filed" complaint. After reviewing Walker's § 1983 actions in the Eastern District of Arkansas, there is no record of him filing a previous complaint against Hitts in this district. However, he has filed a case regarding his July 19, 2016 arrest and subsequent court proceedings: *Walker v. Mills*, 3:16-CV-275-DPM (E.D. Ark. Oct. 6, 2016) ("*Walker I*"). In that case, Walker filed a § 1983 Complaint on October 6, 2016, alleging that Judge Ron Hunter had set an unreasonably high bond following his July 19, 2016 arrest and that his public defender, Joseph Hughes, violated his right to a speedy trial. *Walker I, Doc. 2 at 4, 7*.

The presiding judge over that matter, Chief United States District Judge D.P. Marshall, Jr, stayed the case pending "final disposition of Walker's pending state charges." *Walker I, Doc. 4 at 2–3*. In a November 11, 2016 Order, Judge Marshall wrote that, to proceed with his § 1983 case, Walker would have to file a motion to reopen or status report by November 14, 2017. *Walker I, Doc. 4 at 3*. Walker did not timely comply with Judge Marshall's Order and the case remains stayed.

### 1. The Statute Of Limitations Began to Run On or About September 19, 2016 and Expired on or about September 19, 2019.

"[S]tate statute of limitations and tolling rules…govern § 1983 suits in federal court," unless that law is "inconsistent with the Constitution and laws of the United States." *Lown v. Brimeyer*, 956 F.2d 780, 781 n.2 (8th Cir. 1992); *Bd. of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 485 (1980). Thus, § 1983 actions filed in Arkansas are governed by Arkansas' statute of limitations period for personal injury actions and must be filed within three years from the date the claims accrue. *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (citing Ark. Code Ann. § 16-56-105); *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991) (same).

However, "the *accrual* date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (first emphasis added; second emphasis in original).

Hitts argues that the statute of limitations began to run on or about July 19, 2016—the date he arrested Walker pursuant to the allegedly falsely acquired arrest warrant. Walker argues that that statute of limitations for his false-arrest claim began to run in January 2020—the date the state criminal charges against him were *nolle prossed* and he was released from custody.[3]

---

[3] According to the publicly available state court records, the State moved to dismiss the Attempted Capital Murder, Aggravated Robbery, and Possession of Firearm by Certain Persons charges against Walker because: (1) "[t]he alleged victim…refused to cooperate with the prosecution in preparing for trial;" and (2) it was "unable to serve the lead investigator…who

The Court definitively addressed this issue in *Wallace v. Kato*, 549 U.S. 384 (2007) when it held "that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process," *not* "upon his release from custody." *Id.* at 390, 397; *see also Martin v. Julian*, 18 F.4th 580, 583 (8th Cir. 2021).

In *Wallace,* the statute of limitations "commenced to run when [the plaintiff] appeared before the examining magistrate and was bound over for trial." *Id.* at 391. Here, the statute of limitations began to run on or about September 19, 2016, when the criminal information was filed against Walker, he appeared before the state circuit court judge, and "was given a probable cause to be bound over [for trial]." Criminal Information, *State of Arkansas v. Walker*, No. 56CR-16-424 (Poinsett Co., Ark. Sept. 19, 2016); *Walker I, Doc. 2 at 4*.

Accordingly, Walker had until September 19, 2019 to file his false-arrest claim against Hitts. Because Walker did not initiate this § 1983 action until July 1, 2021—more than twenty-one months past the statutory deadline—his false-arrest

---

ha[d]…resigned from the Arkansas State Police." *State of Arkansas v. Walker*, No. 56CR-16-424 (Poinsett Co., Ark., Jan. 21, 2020).

claim against Hitts is time barred unless he is entitled to statutory or equitable tolling under Arkansas law.[4]

### 2. Walker Is Not Entitled to Tolling

Arkansas statutes allow tolling of the limitations period in a number of situations, but none are applicable here. *See* Ark. Code Ann. § 16-56-126 (tolling after nonsuits, arrested judgments, or favorable reversals on appeal); Ark. Code Ann. § 16-56-116 (tolling for those who are under the age of twenty-one or "insane"); Ark. Code Ann. § 16-56-120 (tolling for improper acts of a party); Ark. Code Ann. § 16-56-121 (tolling where tortfeasor is unknown). Accordingly, Walker is not entitled to statutory tolling.

Thus, the only question that remains is whether Walker is entitled to equitable tolling based on his *erroneous* belief that he had to wait until the end of his state criminal proceedings before he could initiate suit against Hitts. Walker does not identify the previous litigation that led him to his erroneous belief but it appears to have stemmed from Judge Marshall's November 11, 2016 Order in *a separate* § 1983 action against *different* defendants that stated that the "case must…be put on hold until there's a final disposition of Walker's pending state charges." *Walker I*, Doc. 4 at 2.

---

[4] As previously mentioned, this Court is required to apply Arkansas tolling law in this § 1983 action. *Montin v. Est. of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011) ("For a § 1983 action…the issue of equitable tolling, like the underlying statute of limitations, is determined by reference to state law.)

7

Although the doctrine of equitable tolling is well established in federal law,[5] it remains murky in Arkansas jurisprudence. As the Arkansas Court of Appeals has recently pointed out: "There are very few cases in Arkansas involving equitable tolling, and in those cases, the doctrine is not specifically defined." *Loftin v. First State Bank*, 2020 Ark. App. 66, 5 (2020) (collecting cases).

Given the extreme dearth of Arkansas case law regarding equitable tolling, there is nothing to indicate that Arkansas courts would permit tolling of the statute of limitations on the facts of this case.[6]

### III. Conclusion

The accrual date for Walker's false-arrest claim was September 19, 2016. Walker filed his Complaint against Hitts on July 1, 2021, more than twenty-one months past the statutory deadline, and has alleged no facts that would entitle him to tolling under Arkansas law. Accordingly, Walker's claim against Hitts is time-barred.

---

[5] Equitable tolling is a common-law principle that "permits a court to pause a statutory time limit 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" *California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2050–51 (2017) (citing *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)).

[6] In the few Arkansas cases that address equitable tolling, the courts suggest that they would look to federal law for guidance. *See Stracener v. Williams,* 84 Ark. App. 208, 213 (2003) (citing *Young v. United States*, 535 U.S. 43, 49 (2002)); *Loftin*, 2020 Ark. App. at 6 (same).
Under the federal doctrine of equitable tolling, Walker has not shown the requisite diligence to entitle him to tolling. *See California Pub. Employees' Ret. Sys.,* 137 S. Ct. at 2050–51. According to Walker, he believed he could not initiate this action until the final disposition of his state criminal proceedings. *Doc. 22 at 2*. That case was *nolle prossed* in January 2020, but he did not file this action until July 2021.

IT IS THEREFORE RECOMMENDED THAT:

1.    Defendant Hitts' Motion to Dismiss (*Doc. 21*) be GRANTED.

2.    All other pending Motions (*Doc. 25; Doc. 28*) be DENIED, as moot.

3.    Walker's false-arrest claim against Hitts be DISMISSED, with prejudice.

4.    Judgment be entered accordingly.[7]

DATED this 22nd day of November, 2022.

*/s/ J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE

---

[7] The claim against Hitts should be dismissed with prejudice; all of Walker's claims against the other defendants were previously dismissed without prejudice. *Doc. 12*.